1  **THE WESTON FIRM**
2  GREGORY S. WESTON (239944)
   *greg@westonfirm.com*
3  1405 Morena Blvd., Suite 201
   San Diego, CA 92110
4  Telephone:     (619) 798-2006

5  **Counsel for Plaintiff**

6

7                    **UNITED STATES DISTRICT COURT**

8          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

9                         **WESTERN DIVISION**

10

11  | AVI JONES, on behalf of herself and all others similarly situated, | Case No: |
12  |  |  |
13  |                    Plaintiffs, | **CLASS ACTION COMPLAINT FOR VIOLATIONS OF:** |
14  |  v. |  |
15  | IRWIN NATURALS, INC.; IRWIN NATURALS, a Nevada Corporation; and KLEE IRWIN, | **THE UNFAIR COMPETITION LAW, THE FALSE ADVERTISING LAW, AND THE CONSUMER LEGAL REMEDIES ACT** |
16  |  |  |
17  |  | **Jury Demand** |
18  |                    Defendants. |  |

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTEN**TS

I.     JURISDICTION AND VENUE ..............................................................................1

II.    NATURE OF THE ACTION ...................................................................................1

III.   PARTIES .................................................................................................................4

IV.    REGULATORY BACKGROUND REGARDING UNAPPROVED DRUGS. ...........4

V.     THE SALE OF UNAPPROVED DRUGS POSES A GRAVE DANGER TO PUBLIC HEALTH................................................................................................5

VI.    BELLY BURNER'S SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS, AND DRUG CLAIMS. ....................................................................6

       A.    BELLY BURNER'S PACKAGING .............................................................6

       B.    BELLY BURNER WEBSITE .......................................................................8

       C.    IRWIN'S AMAZON PAGE FOR BELLY BURNER. ..................................8

VII.   IRWIN'S ADVERTISING FOR BELLY BURNER IS FALSE AND MISLEADING, RENDERING THE PRODUCT MISBRANDED..........................9

VIII.  BELLY BURNER IS AN UNAPPROVED NEW DRUG....................................10

IX.    THE PACKAGING OF BELLY BURNER VIOLATES 21 C.F.R. § 101.93(D). .......................12

X.     PLAINTIFF'S PURCHASE OF BELLY BURNER ...........................................15

XI.    RELIANCE AND INJURY ..................................................................................15

XII.   DEFENDANTS' PRACTICES WERE "UNFAIR" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW. ..................................16

XIII.  DEFENDANTS' PRACTICES WERE "UNLAWFUL" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW. ................16

XIV.   CLASS ACTION ALLEGATIONS ......................................................................17

       CAUSES OF ACTION ........................................................................................19

       FIRST CAUSE OF ACTION ..............................................................................19

       SECOND CAUSE OF ACTION ..........................................................................20

       THIRD CAUSE OF ACTION ..............................................................................21

       FOURTH CAUSE OF ACTION ..........................................................................21

       FIFTH CAUSE OF ACTION ...............................................................................22

PRAYER FOR RELIEF ..................................................................................................23

XV.    JURY DEMAND...................................................................................................23

i

Plaintiff Avi Jones, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby sues Defendants Irwin Naturals, Inc.; Irwin Naturals, a Nevada Corporation; and Klee Irwin, an individual (collectively "Irwin" or "Defendants"), and upon information and belief and investigation of counsel, alleges as follows:

## I.    **JURISDICTION AND VENUE**

1.    Jurisdiction in federal court is proper under the Class Action Fairness Act because the amount in controversy exceed $5 million and more than 2/3 of the proposed class reside in states other than those where defendants are citizens.

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Plaintiff Avi Jones resides in this District and suffered injuries as a result of Defendants' conduct in this District; many of the acts and transactions giving rise to this action occurred in this District; and Defendants (1) reside in this District, including Mr. Irwin's home and the corporate defendants' headquarters; (2) are authorized to conduct business in this District, and have intentionally availed themselves of the laws and markets of this District through the distribution and sale of their products in this District; and (3) are subject to personal jurisdiction in this District.

## II.    **NATURE OF THE ACTION**

3.    Defendants manufacture, market, distribute, and sell the purported weight loss supplement Irwin Naturals Stored Fat Belly Burner ("Belly Burner"), an illegal unapproved new drug which purportedly "has been clinically researched for its ability to metabolize stored fat in the body, including stubborn areas, such as the belly, waist and hips." Defendants further claim that Belly Burner is a "Super Citrus Lipo Burner" that "helps breakdown stored fat" and which "works by stimulating Lipolysis, a catabolic process leading to the breakdown of triglycerides stored in the fat cells (adipocytes), releasing free fatty acids (FFA)." In so doing, they have violated California's consumer fraud laws, as well as its health and safety code covering food and drugs.




4.    However, none of the ingredients in Belly Burner, individually or in combination, safely and effectively increases weight loss, breaks down stored body fat, or metabolizes stored fat in "stubborn areas, such as the belly, waist, and hips."

5.    Defendants' marketing and advertising of Belly Burner was intended to, and did, deceive Plaintiff and class members into believing that the product could effectively increase weight loss, break down stored body fat, and metabolize stored fat in "stubborn areas, such as the belly, waist, and hips."

6.    Defendants' claims relating to the purported efficacy of Belly Burner violate the laws of California and the United States.

7.    Defendants engaged in a consistent, long-term campaign to fraudulently market Belly Burner as a safe and effective "clinically supported fat shredding technology" and a "remarkable weight management formula."

8.    The claims made on Belly Burner's label, the Irwin Naturals website, and the Amazon page for Belly Burner, and other marketing materials, all of which are controlled by Irwin, are misleading under California's Consumer Legal Remedies Act, Unfair Competition Law, and False Advertising Law. Moreover, the labeling and advertising of Belly Burner also violate California's "baby FDCA" statute, also known as the Sherman Law.

9.    These claims are also contrary to those allowed by the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. ("FDCA") and subject any individual manufacturing or selling Belly Burner to liability for the sale of an unapproved new drug.

10.    Irwin's misrepresentations and omissions, described in detail herein, mislead consumers into believing that Belly Burner can effectively increase weight loss, break down stored body fat, and metabolize stored fat in "stubborn areas, such as the belly, waist, and hips."

11.    Plaintiff Avi Jones purchased and used Belly Burner in reliance upon these claims.

12.    Plaintiff used Belly Burner as directed, but the product failed to deliver the advertised benefits, nor any results at all.

13.    Irwin promotes Belly Burner as capable of providing benefits akin to those which prescription weight loss medications would provide, when in truth, Belly Burner cannot deliver the advertised benefits and is not safe and effective for its intended purposes.

14.    Irwin's claims relating to the purported efficacy of Belly Burner violate the laws of California and the United States. Further, Irwin's sale of Belly Burner violates the laws of California and the United States.

15.    This action is brought to remedy Defendants' unfair, deceptive, immoral, and unlawful conduct. On behalf of the class defined herein, Plaintiff seeks an order compelling Defendants to, *inter alia*: (1) cease marketing and selling Belly Burner with deceptive and unlawful claims; (2) conduct a corrective advertising campaign; (3) destroy all misleading and deceptive materials and products; (4) award Plaintiff and the Class members damages, punitive damages, interest, and restitution; and (5) pay costs,

1  expenses, and attorney fees.

2  ### III.    PARTIES

3  16.    Plaintiff Avi Jones is a citizen of California and a resident of Los Angeles who purchased

4  Belly Burner from a Rite Aid location in Los Angeles in 2024 for personal consumption.

5  17.    Defendant Irwin Naturals, Inc. is a Canadian corporation with its principal place of business

6  in Los Angeles, CA. Irwin Naturals, Inc. markets, distributes, and sells Belly Burner.

7  18.    Defendant Irwin Naturals is a Nevada corporation with its principal place of business in Los

8  Angeles. Irwin Naturals markets, distributes, and sells Belly Burner.

9  19.    Defendant Klee Irwin is an individual residing in Los Angeles County and is sued in his

10  individual capacity. Mr. Irwin is the founder and CEO of Irwin Naturals, Inc. and Irwin Naturals. At all

11  relevant times, Mr. Irwin has aided and abetted the manufacturing, marketing, distribution, and sale of the

12  Belly Burner.

13  20.    Mr. Irwin controls Irwin Naturals, Inc. and Irwin Naturals and created them for the primary

14  purpose of engaging in crime, in particular the sale of fraudulent weight control products. He runs the

15  corporations for the primary purpose of engaging in these crimes and does not observe the corporate

16  formalities of legitimate businesses.

17  21.    Mr. Irwin ordered, authorized, and participated in the long-term, fraudulent advertising

18  scheme complained of herein.

19  22.    Belly Burner is sold online through the Irwin website at irwinnaturals.com/products/stored-

20  fat-belly-burner, which Irwin controls, on Amazon, and at retail locations, such as Walmart, CVS,

21  Walgreens, and Target. Belly Burner is available for purchase throughout California and the United States.

22  23.    During the class period, Defendants owned, manufactured, marketed, distributed, and sold

23  Belly Burner.

24  ### IV.    REGULATORY BACKGROUND REGARDING UNAPPROVED DRUGS.

25  24.    The

26  Dietary Supplement Health and Education Act (DSHEA) of 1994, which amended the Federal

27  Food, Drug, and Cosmetic Act, transformed FDA's authority to regulate dietary supplements. Under DSHEA, FDA is not authorized to approve dietary supplements for safety and effectiveness

28  before they are marketed. In fact, in many cases, firms can lawfully introduce dietary supplements to the market without even notifying FDA. Since DSHEA was enacted, the dietary supplement

4

market has grown significantly. For example, the number of products has expanded nearly twenty times since 1994.[1]

25.     "The term 'drug' means . . . (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals." 21 U.S.C. § 321(g)(1).

26.     A "new drug" is any drug "not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the condition prescribed, recommended, or suggested in the labeling thereof . . ." 21 U.S.C. § 321(p)(1).

27.     Pursuant to 21 U.S.C § 355(a), "No person shall introduce or deliver for introduction into interstate commerce any new drug . . ." without approval by the FDA.

28.     Further, 21 U.S.C. § 331(a) prohibits the "introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded."

29.     Pursuant to 21 U.S.C. § 352(f), drugs are required to have adequate instructions for safe use.

## V.     THE SALE OF UNAPPROVED DRUGS POSES A GRAVE DANGER TO PUBLIC HEALTH.

30.     Unapproved "drugs pose significant risks to patients because they have not been reviewed by FDA for safety, effectiveness or quality."[2]

31.     "Without FDA review, there is no way to know if these drugs are safe and effective for their intended use, whether they are manufactured in a way that ensures consistent drug quality or whether their label is complete and accurate." *Id.*

32.     "Unapproved drugs have resulted in patient harm." *Id.*

---

[1] U.S. Food & Drug Admin., Information for Consumers on Using Dietary Supplements (October 21, 2022), available at https://www.fda.gov/food/dietary-supplements/information-consumers-using-dietary-supplements.

[2] U.S. Food & Drug Admin., Unapproved Drugs (June 2, 2021), available at https://www.fda.gov/drugs/enforcement-activities-fda/unapproved-drugs.

33.     Further, unapproved drugs lack "labels and prescribing information that has" "been reviewed by FDA for accuracy and completeness."[3]

34.     Consumers using unapproved drugs also run the risk of "unexpected and undocumented safety concerns due to lack of rigorous pre- and postmarket safety surveillance." *Id.*

35.     Additionally, unapproved drugs lead consumers in need of medical treatment to forego medically proven therapies.

## VI.     BELLY BURNER'S SPECIFIC MISREPRESENTATIONS, MATERIAL OMISSIONS, AND DRUG CLAIMS.

36.     During the Class Period, Defendants manufactured, marketed, distributed, and sold Belly Burner in packaging bearing misleading claims relating to the product's efficacy as weight loss solution which could also breakdown stored body fat in stubborn areas, such as the waist, belly, and hips. Irwin also made misleading representations relating to Belly Burner's efficacy on its website and on its Amazon page for Belly Burner.

37.     Belly Burner's label, Irwin's website for Belly Burner, and Irwin's Amazon page for Belly Burner included claims which are not only false and misleading, but also show that the product is intended to treat the obesity and affect the structure and function of the body by increasing weight loss and eliminating stored body fat.

### A.     Belly Burner's Packaging

38.     An exemplar of Belly Burner's packaging is as follows:

---

[3] U.S. Food & Drug Admin., Unapproved Drugs and Patient Harm (June 2, 2021),
https://www.fda.gov/drugs/enforcement-activities-fda/unapproved-drugs-and-patient-harm.




39.     On Belly Burner's packaging, Defendants deceptively and unlawfully claim that the product is a "Stored Fat Belly Burner" and "Super Citrus Lipo Burner" which "helps breakdown stored fat." Defendants further claim that Belly Burner "has been clinically researched for its ability to metabolize stored fat in the body, including stubborn areas, such as the belly, waist and hips" and that the product "works by stimulating Lipolysis, a catabolic process leading to the breakdown of triglycerides stored in the fat cells (adipocytes), releasing free fatty acids (FFA)." Moreover, Defendants claim that Belly Burner "reduces body fat to help you reach and maintain a healthy body composition."

40.     These claims suggest that Belly Burner is a safe and effective drug which can treat obesity and affect the structure and function of the body by metabolizing stored body fat, particularly in the belly, waist, and hips. In truth, Belly Burner is entirely ineffective. Further, these claims render Belly Burner a

"drug" within the meaning of 21 U.S.C. § 321(g).

**B.    Belly Burner Website**

41.    On the Belly Burner webpage (https://irwinnaturals.com/products/stored-fat-belly-burner?srsltid=AfmBOoqvgmNgUQXMvLyrQUmjWl12mK16b4KEXdKuFTCufiPkCryvkbQ3), Defendants make the following deceptive, misleading, and unlawful claims relating to Belly Burner's purported efficacy:

- "**Stored-Fat Belly Burner** is making waves in the world of clinically supported weight management technology"

- "In the clinical study, *Sinetrol* showed a meaningful decrease in abdominal fat and reduction of waist and hip circumference compared to the placebo control group"

- "works by stimulating Lipolysis, which is the burning of triglyceride fats stored in your cells and leads to the reduction of overall body fat"

- "**Stimulates Metabolism:** At the heart of Stored-Fat Belly Burner is Sinetrol, a powerful ingredient that has been clinically researched for its ability to metabolize stored fat in the body, including stubborn areas, such as the belly, waist and hips."

- "works by stimulating lipolysis, a catabolic process leading to the breakdown of triglycerides stored in the fat cells (adipocytes), releasing free fatty acids (FFA). Sinetrol reduces body fat to help you reach and maintain a healthy body composition."

- "**Stored-Fat Belly Burner** helps breakdown stored fat"

- "making waves in the world of clinically supported weight management technology"

- "get back into your *skinny-jeans* and back to the real you!"

42.    These claims are deceptive, as Belly Burner fails to deliver the advertised benefits.

43.    Further, these claims suggest Belly Burner is a safe and effective drug which can treat obesity and affect the structure and function of the human body by increasing fat loss and metabolizing stored body fat.

44.    True and correct copies of screenshots of the Belly Burner webpage, which Defendants control, are attached hereto as **Exhibit 1**.

**C.    Irwin's Amazon Page for Belly Burner.**

45.    On the Amazon page for Belly Burner, which Defendants control, Irwin makes the following deceptive, misleading, and unlawful claims relating to Belly Burner's purported efficacy:

- "Stored Fat Belly Burner"
- "Super Citrus Lipo Burner"
- "Helps breakdown stored fat"
- "TARGETS FAT CELLS - This formula helps break down stored fat. It features Sinetrol, which has been clinically researched for its ability to metabolize stored fat in the body, including stubborn areas such as the belly, waist & hips."
- "HOW IT WORKS - It stimulates lipolysis, a catabolic process leading to the breakdown of triglycerides stored in the fat cells, releasing free fatty acids (FFA). Sinetrol reduces body fat to help you reach & maintain a healthy body composition."
- "clinically supported fat shredding technology"
- "The key ingredient, Sinetrol . . . showed a significant decrease in abdominal fat and reduction of waist and hip circumference compared to the placebo control group"
- "works by burning a special type of fat called triglycerides – the fat your body stores, especially around your belly"
- "remarkable weight management formula"
- "get back into your skinny jeans and back to the real you"

46.     These claims suggest Belly Burner is a safe and effective drug which can treat obesity and affect the structure and function of the human body by increasing fat loss and metabolizing stored body fat, but in truth, Belly Burner is entirely ineffective.

47.     A true and correct copy of Defendants' Amazon page for Belly Burner is attached hereto as **Exhibit 2**.

**VII. <u>IRWIN'S ADVERTISING FOR BELLY BURNER IS FALSE AND MISLEADING, RENDERING THE PRODUCT MISBRANDED.</u>**

48.     It is unlawful to manufacture or sell any drug that is misbranded. 21 U.S.C. § 331(a), (b), (c), & (g).

49.     A drug is misbranded "[i]f its labeling is false or misleading in any particular."[4] 21 U.S.C. § 352(a)(1).

---

[4] Under the FDCA, "'labeling' means all labels and other written, printed, or graphic matters (1) upon any article or any of its containers or wrappers, or (2) accompanying such article." 21 U.S.C. § 321(m). This includes websites associated with the products." *See Sandoval v. Pharmacare US, Inc.*, 730 Fed. App'x 417, 420 (9th Cir. 2018).

9

50.     If an article is alleged to be misbranded because the labeling or advertising is misleading, then in determining whether the labeling or advertising is misleading there shall be taken into account (among other things) not only representations made or suggested by statement, word, design, device, or any combination thereof, but also the extent to which the labeling or advertising fails to reveal facts material in the light of such representations or material with respect to consequences which may result from the use of the articles to which the labeling or advertising relates under the conditions of use prescribed in the labeling or advertising thereof or under such conditions of use as are customary or usual. 21 U.S.C.S. § 321(n).

51.     Defendants' deceptive efficacy representations regarding Belly Burner described herein render the product misbranded pursuant to Health & Safety Code § 110100 (adopting all FDA labeling regulations as state regulations), § 110398 ("It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded."), § 111330 (drug label misbranded if false or misleading in any particular), and further violate Cal. Bus. & Prof. Code § 17200 (Unfair Competition Law "Fraudulent" Prong) § 17500 (False Advertising Law) and Cal. Civ. Code § 1750 (CLRA).

52.     Because Belly Burner claims to treat conditions not amenable to self-diagnosis, directions are not and likely cannot be written such that a layperson can safely use this product to treat those conditions. The Belly Burner label therefore lacks "adequate directions for use," rendering the product misbranded. 21 U.S.C. § 352(f)(1); see also 21 C.F.R. § 201.5 ("'Adequate directions for use' means directions under which the layman can use a drug safely and for the purposes for which it is intended.").

53.     Plaintiff used Belly Burner as directed, but it failed to deliver the advertised benefits.

## VIII.     BELLY BURNER IS AN UNAPPROVED NEW DRUG.

54.     "The term 'drug' means . . . (B) articles intended for use in the diagnosis, cure, mitigation, treatment, or prevention of disease in man or other animals; and (C) articles (other than food) intended to affect the structure or any function of the body of man or other animals." 21 U.S.C. § 321(g)(1).

55.      Here, Belly Burner is a drug because it is advertised as a product which will treat disease, such as obesity, and affect the structure and function of the human body by increasing weight and fat loss.

56.     The claims on the product label, Defendants' webpage for Belly Burner, and Defendants' Amazon page for Belly Burner render it an unapproved new drug.

57.    The FDA has determined that the following claims, which are similar to those Defendants make regarding Belly Burner, constitute "drug claims":

- "'Our natural blend of ingredients can benefit you by . . . [s]uppressing your appetite . . . . [b]oosts your metabolism .. . [b]urn fat & calories . . . [i]ncrease energy levels . . .'" (**Exhibit 3**, FDA Warning Letter to Genesis Nutrition Ultra Slim );

- "'Benefits . . . appetite suppression . . . reduce bloating . . . burns fat . . . reduce inches . . .potentiates weight loss . . . improves metabolism'" (**Exhibit 3**, FDA Warning Letter to Genesis Nutrition Ultra Slim);

- "'It is a totally natural herbal supplement [ . . . ] that'" "'inhibits appetite, burns fat,'" "'accelerates metabolism'" "'and increase your energy.'" (**Exhibit 4**, Je Dois Lavoir LLC);

- "How does this capsule work? . . . Appetite Control . . . Accelerates metabolism . . . Increase your energy . . .Causes satiety . . . Burn fat" (**Exhibit 4**, Je Dois Lavoir LLC);

58.    A "new drug" is any drug "not generally recognized, among experts qualified by scientific training and experience to evaluate the safety and effectiveness of drugs, as safe and effective for use under the condition prescribed, recommended, or suggested in the labeling thereof . . . ." 21 U.S.C. § 321(p)(1). Here, Belly Burner is a "new drug" within the meaning of the FDCA because it is not generally recognized as safe and effective for the intended uses. *See* Title 21 of the Code of Federal Regulations, Chapter I, Subchapter D; 21 C.F.R. § 330.1.

59.    "No person shall introduce or deliver for introduction into interstate commerce any new drug . . ." without approval by the FDA. 21 U.S.C § 355(a); see also 21 U.S.C. § 331(d).

60.    Defendants promote Belly Burner, an "OTC drug product" with claims suggesting that it can provide benefits akin to those of prescription weight loss medications. However, Belly Burner is not a safe and effective treatment for obesity, diabetes, or prediabetes.

61.    The FDA maintains a database of drugs which it has approved at https://www.accessdata.fda.gov/scripts/cder/daf/index.cfm.

62.    Attached hereto as **Exhibit 5** are search results from this FDA database, showing that the search term "Stored Fat Belly Burner" "did not return any results."

63.    Defendants have not received approval from the FDA to market, distribute, and sell Belly Burner.

64.    The sale of unapproved new drugs is illegal and dangerous. First, consumers risk purchasing

11

and using a product that will endanger their health. Second, consumers risk purchasing a product that will not effectively treat their condition, forgoing actual treatment of that condition in lieu of an unapproved new drug which may not treat their condition. The FDA's regulatory regimen helps ensure that such products are kept away from consumers.

65.    Defendants' failure to comply with these regulations puts consumers at risk and gives it an unfair advantage over competitors that do commit the time and expense of complying with such necessary regulations. d

66.    Belly Burner does not qualify for the reduced level of regulation applicable to certain nutrition supplement products for several reasons. The Belly Burner label, webpage, and marketing materials neither describe the role of any nutrient or dietary ingredient intended to affect the structure or function in humans, characterize the documented mechanism by which any nutrient or dietary ingredient acts to maintain such structure or function, nor describe general well-being from consumption of any nutrient or dietary ingredient. 21 U.S.C. § 343(r)(6)(A).

67.    California prohibits the sale of unapproved new drugs. Health & Safety Code § 111550.

## IX.    THE PACKAGING OF BELLY BURNER VIOLATES 21 C.F.R. § 101.93(d).

68.    The back panel of the packaging of Belly Burner contains a disclaimer which reads, "These statements have not been evaluated by the Food and Drug Administration. This product is not intended to diagnose, treat, cure, or prevent any disease."



69.    However, the disclaimer is improperly positioned in violation of 21 C.F.R. § 101.93(d) governing structure/function claims, which provides:

> The disclaimer shall be placed adjacent to the statement with no intervening material or linked to the statement with a symbol (e.g., an asterisk) at the end of each such statement that refers to the same symbol placed adjacent to the disclaimer specified in paragraphs (c)(1) or (c)(2) of this section. On product labels and in labeling (e.g., pamphlets, catalogs), the disclaimer shall appear on each panel or page where there such is a statement. The disclaimer shall be set off in a box where it is not adjacent to the statement in question.

70.    Here, on the front of the packaging of Belly Burner, Defendants claim that the product is a

12

"Stored Fat Belly Burner" which "helps break down stored fat" and include asterisks next to these claims, linking it to the FDA's required disclaimer.



71.     21 C.F.R. § 101.93(d) requires that "the disclaimer shall appear on each panel or page where there such is a statement."

72.     Defendants make efficacy claims on the front of Belly Burner's packaging, but the disclaimer does not appear on the front panel of the product's packaging. Rather, the disclaimer only appears on the back panel of Belly Burner's packaging, in the lower left corner.

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



73.    Thus, Defendants' placement of the disclaimer violates 21 C.F.R. § 101.93(d).

CLASS ACTION COMPLAINT

## X.    PLAINTIFF'S PURCHASE OF BELLY BURNER

74.    Plaintiff Avi Jones purchased Belly Burner from a Rite Aid location in Los Angeles in 2024.

75.    In deciding to purchase Belly Burner, Plaintiff relied on Defendants' deceptive and unlawful efficacy claims and the natural assumption that supplements available for purchase at retail locations and online would be safe and effective and sold in compliance with state and federal regulations.

76.    Ms. Jones used Belly Burner as directed, but the product did not deliver the advertised benefits, nor any results at all.

77.    Because Plaintiff expected these statements to be true and honest, but they were not, she did not receive the benefit of her purchases.

## XI.    RELIANCE AND INJURY

78.    When purchasing Belly Burner, Plaintiff was seeking products of particular qualities, including products that safely and effectively increase weight loss and eliminate stored body fat and products which are sold in compliance with federal and state regulations.

79.    Plaintiff read and relied on, for her Belly Burner purchase, the product's packaging and Defendants' deceptive and unlawful efficacy claims described herein, which were substantial factors in her purchase.

80.    Plaintiff purchased Belly Burner believing it had the qualities she sought based on the product's deceptive labeling and the natural assumption that products sold in stores and online by large companies would deliver advertised benefits, such as those touted on the packaging of Belly Burner, and would be sold in compliance with state and federal regulations. The product was instead unsatisfactory to Plaintiff for the reasons described herein.

81.    Plaintiff purchased Belly Burner instead of competing products based on the false statements and misrepresentations described herein.

82.    Plaintiff suffered economic injury when she purchased Belly Burner because it did not provide the advertised benefits, and she would not have purchased it absent Defendants' deceptive and unlawful conduct.

83.    Belly Burner was offered for sale in violation of California and federal law and has a value of $0 because it is both illegal and ineffective.

84.     Plaintiff would not have purchased Belly Burner had she known that it was offered for sale in violation of California and federal law and entirely ineffective.

85.     Plaintiff would consider purchasing Belly Burner in the future if she could do so with assurance that the product (1) would deliver the advertised benefits and (2) was sold in compliance with all federal and California regulations.

## XII.  DEFENDANTS' PRACTICES WERE "UNFAIR" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW.

86.     Defendants' practices as described herein are "unfair" within the meaning of the California Unfair Competition Law because their conduct is immoral, unethical, unscrupulous, and substantially injurious to consumers, and the utility of this conduct to Defendants does not outweigh the gravity of the harm to Defendants' victims.

87.     In particular, while Defendants' use of fraudulent advertising and unlawful drug claims to sell an ineffective product may have had some utility to Defendants in that it allows them to realize higher profit margins than if they did not use fraudulent and unlawful advertising tactics, this utility is small and far outweighed by the gravity of the economic harm Defendants inflict upon consumers. Further, the injury to consumers from Defendants' practices is substantial, not outweighed by benefits to consumers or competition, and not an injury that consumers themselves could reasonably have avoided.

## XIII.  DEFENDANTS' PRACTICES WERE "UNLAWFUL" WITHIN THE MEANING OF THE CALIFORNIA UNFAIR COMPETITION LAW.

88.     Defendants' practices as described herein are "unlawful" within the meaning of the California Unfair Competition Law because the marketing, sale, and distribution Belly Burner violates the California's Sherman Food, Drug, and Cosmetic Law, including federal provisions that have been adopted by California

- **Health & Safety Code § 110100 *et seq.***, which adopts all FDA labeling regulations as state regulations;
- **Health & Safety Code § 111330**, "Any drug or device is misbranded if its labeling is false or misleading in any particular.";
- **Health & Safety Code § 110398**, "It is unlawful for any person to advertise any food, drug, device, or cosmetic that is adulterated or misbranded.";

- **Health & Safety Code § 111440**, "It is unlawful for any person to manufacture, sell, deliver, hold, or offer for sale any drug or device that is misbranded.";

- **Health & Safety Code § 111445**, "It is unlawful for any person to misbrand any drug or device.";

- **Health & Safety Code § 111450**, "It is unlawful for any person to receive in commerce any drug or device that is misbranded or to deliver or proffer for delivery any drug or device.";

- **Health & Safety Code § 111550**, prohibiting sale of new drugs unless approved under 21 U.S.C. § 355;

- **Civ. Code § 1770(a)**, prohibiting misleading practices in relation to the sale of goods;

- **Bus. & Prof. Code § 17500 *et seq.***, prohibiting false or misleading advertising;

- **Bus. & Prof. Code § 17200 *et seq.***, prohibiting fraudulent, unfair, and unlawful business activity.

- **21 U.S.C. § 331(a)**, prohibiting the "introduction or delivery for introduction into interstate commerce of any food, drug, device, tobacco product, or cosmetic that is adulterated or misbranded";

- **21 U.S.C. § 331(b)**, prohibiting the "adulteration or misbranding of any food, drug, device, tobacco product, or cosmetic in interstate commerce";

- **21 U.S.C. § 352(f)(1)**, requiring drugs to have adequate directions for use; and

- **21 U.S.C. § 355(a)**, prohibiting the sale of unapproved new drugs.

89.    The fraudulent marketing and advertising of Belly Burner constitutes a violation of the FDCA and the Sherman Law and, as such, violated the "unlawful" prong of the UCL.

90.    Defendants' unlawful acts allowed them to sell more units of Belly Burner than they would have otherwise, and at a higher price and higher margin.

91.     In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices and requiring Defendants to commence a corrective advertising campaign.

92.    Plaintiff also seeks an order for the disgorgement and restitution of all revenue received by Defendant from the sale of Belly Burner and has no adequate remedy at law.

### XIV.    CLASS ACTION ALLEGATIONS

93.    Plaintiff bring this action on behalf of herself, and all others similarly situated (the "Class"), excluding Defendants' officers, directors, and employees, and the Court, its officers, and their families.

94.    The Class is defined as:

17

All individuals who purchased the Belly Burner the United States for their own personal or household use, and not for resale, from January 1, 2019 to the present.

95.    Common questions include:

a.    Whether Defendants communicated efficacy messages through Belly Burner's labeling, packaging, website, and Amazon page;

b.    Whether those messages were material, or likely to be material, to a reasonable consumer;

c.    Whether those messages were false, at variance with the truth, misleading, likely to deceive, and/or had the capacity to deceive the public and/or a reasonable consumer;

d.    Whether Defendants fraudulently omitted material information in advertising Belly Burner as safe and effective;

e.    Whether Defendants sold and distributed Belly Burner to the public in misleading packaging that was likely to deceive the public;

f.    Whether Defendants' advertising for Belly Burner violated the CLRA and False Advertising Law;

g.    Whether Defendants' conduct was immoral, unethical, unscrupulous, or substantially injurious to consumers;

h.    Whether Defendants' conduct violated public policy as declared by specific constitutional, statutory, or regulatory provisions;

i.    Whether the injury to consumers from Defendants' practices is substantial;

j.    Whether Defendants' conduct constituted a violation of the unfair prong of California's Unfair Competition Law;

k.    Whether Defendants' conduct constituted a violation of the unlawful prong of California's Unfair Competition Law;

l.    Whether Defendants' conduct constituted a violation of the fraudulent prong of California's Unfair Competition Law;

m.    Whether the slight utility Defendants realized as a result of their conduct outweighs the gravity of the harm the conduct caused to their victims;

n.    Whether the injury to consumers from Defendants' practices is outweighed by benefits to consumers or competition;

o.    Whether Class members are entitled to restitution and/or damages;

p.    Whether Class members are entitled to an injunction and, if so, its terms; and

q.    Whether Class members are entitled to any further relief.

96.    Plaintiff will fairly and adequately protect the interests of the Class, has no interests that are incompatible with the interests of the Class, and has retained counsel competent and experienced in class litigation.

97.     The Class is sufficiently numerous, as it includes thousands of individuals who purchased Belly Burner in the United States during the Class Period.

98.     Class representation is superior to other options for the resolution of the controversy. The relief sought for each Class member is small, as little as $10 for some Class members. Absent the availability of class action procedures, it would be infeasible for Class members to redress the wrong done to them.

99.     Questions of law and fact common to the Class predominate over any questions affecting only individual members.

## CAUSES OF ACTION

### First Cause of Action

### Unfair Competition Law, Unlawful Prong

### Bus. & Prof. Code §§ 17200, *et seq*.

100.     In this and every cause of action, Plaintiff realleges and incorporates the preceding allegations as if fully set forth herein.

101.     The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unlawful" business acts and practices in that Defendants' conduct violates the California False Advertising Law, the California Sherman Law, and the California Consumer Legal Remedies Act.

102.     Irwin leveraged its deception to induce Plaintiff and members of the Class to purchase products that were of lesser value and quality than advertised.

103.     The fraudulent marketing of Belly Burner described herein constitutes a violation of the FDCA and the Sherman Law and, as such, violated the "unlawful" prong of the UCL.

104.     Had Plaintiff known that Belly Burner was ineffective and offered for sale in violation of California and federal regulations, she would not have purchased it.

105.     Plaintiff suffered injury in fact and lost money or property as a result of Defendants' deceptive advertising: she was denied the benefit of the bargain when she decided to purchase Belly Burner over competing products, which are effective, legal, less expensive, and do not make misleading or false drug claims on their packaging.

106. Defendants unlawful acts allowed them to sell more units of Belly Burner than they would have otherwise, at a higher price, and higher margin.

107. Had Plaintiff been aware of Defendants' false and misleading advertising tactics, she would not have purchased Belly Burner, and had Defendants not advertised Belly Burner in a fraudulent manner, Plaintiff would have paid less for it.

108. In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and fraudulent acts and practices, requiring Defendants to commence a corrective advertising campaign, and awarding the class restitution of all monies Defendants obtained from the sale of Belly Burner. Plaintiffs have no adequate remedy at law.

## Second Cause of Action

### Unfair Competition Law, Fraudulent Prong

### Bus. & Prof. Code §§ 17200, *et seq.*

109. Cal. Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

110. The acts, omissions, misrepresentations, practices, and non-disclosures of Irwin as alleged herein constitute "fraudulent" business acts and practices in that Irwin's conduct has a likelihood, capacity or tendency to deceive Plaintiffs, the Class, and the general public.

111. Irwin leveraged its deception to induce Plaintiff and members of the Class to purchase products that were of lesser value and quality than advertised.

112. Plaintiff suffered injury in fact and lost money or property as a result of Defendants' deceptive advertising: she was denied the benefit of the bargain when she decided to purchase Belly Burner over competing products, which are legal, less expensive, and do not make misleading or false drug claims on their packaging.

113. Had Plaintiff been aware of Defendants' false and misleading advertising tactics, she would not have purchased Belly Burner, and had Defendants not advertised it in a fraudulent manner, Plaintiff would have paid less for it.

114. In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining

CLASS ACTION COMPLAINT

Defendants from continuing to conduct business through unlawful, unfair, and fraudulent acts and practices, requiring Defendants to commence a corrective advertising campaign, and awarding the class restitution of all monies Defendants obtained from the sale of Belly Burner. Plaintiffs have no adequate remedy at law.

**Third Cause of Action**

**Unfair Competition Law, Unfair Prong**

**Bus. & Prof. Code §§ 17200, *et seq*.**

115.    Bus. & Prof. Code § 17200 prohibits any "unlawful, unfair or fraudulent business act or practice."

116.    The acts, omissions, misrepresentations, practices, and non-disclosures of Defendant as alleged herein constitute "unfair" business acts and practices because:

- Defendants' conduct is immoral, unethical, unscrupulous, and offends public policy;
- the gravity of Defendants' conduct outweighs any conceivable benefit of such conduct; and
- the injury to consumers caused by Defendants' conduct is substantial, not outweighed by any countervailing benefits to consumers or competition, and not one that consumers themselves could reasonably have avoided.

117.    In accordance with Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and fraudulent acts and practices; requiring Defendants to commence a corrective advertising campaign; and awarding the class restitution of all monies Defendants obtained from the sale of Belly Burner. Plaintiff has no adequate remedy at law.

**Fourth Cause of Action**

**False Advertising Law**

**Bus. & Prof. Code §§ 17500, *et seq*.**

118.    In violation of Bus. & Prof. Code §§ 17500 *et seq*., the advertisements, labeling, policies, acts, and practices described herein were designed to, and did, result in the purchase and use of Belly Burner without the knowledge that the product makes misleading efficacy claims.

119.    Defendants knew and reasonably should have known that the claims made on Belly Burner's label, packaging, website, and Amazon page were untrue and misleading.

21

CLASS ACTION COMPLAINT

120.    As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendants were unjustly enriched.

121.    Plaintiff seeks an order enjoining Defendants from continuing to conduct business through unlawful, unfair, and fraudulent acts and practices; requiring Defendants to commence a corrective advertising campaign; awarding Plaintiffs and the class restitution of all monies from the sale of Belly Burner in an amount of $5 million or a greater amount to be proven at trial, actual and punitive damages, and interest to Plaintiff, an incentive award to Plaintiff in conjunction with a class award or injunction, and for attorney fees and costs to be awarded by the Court in accordance with applicable law, including the Private Attorney General Statute.

## **Fifth Cause of Action**

### **Consumer Legal Remedies Act**

### **Civil Code §§ 1750, *et seq*.**

122.    The CLRA prohibits deceptive practices in connection with the conduct of a business that provides goods, property, or services primarily for personal, family, or household purposes.

123.    Defendants' policies, acts and practices were designed to, and did, result in the purchase and use of Belly Burner for personal, family, or household purposes, and violated and continue to violate the following sections of the CLRA:

- **Civil Code § 1770(a)(5),** representing that goods have characteristics, uses, or benefits which they do not have;

- **Civil Code § 1770(a)(7),** representing that goods are of a particular standard, quality, or grade if they are of another;

- **Civil Code § 1770(a)(9),** advertising goods with intent not to sell them as advertised; and

- **Civil Code § 1770(a)(16),** representing the subject of a transaction has been supplied in accordance with a previous representation when it has not.

124.    As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched.

125.    As a further result, Plaintiff and the Class have suffered damages, and because the conduct was deliberate, immoral, oppressive, made with malice and contrary to public policy, they are entitled to punitive or exemplary damages.

126.    Pursuant to section 1782 *et seq.* of the CLRA, Plaintiff notified Defendants in writing by certified mail of the particular violations of § 1770 of the Act as to Belly Burner and demanded that Defendants rectify the problems associated with the actions detailed above and give notice to all affected consumers of its intent to so act.

127.    Defendants received Plaintiff's written notice.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself, all others similarly situated, and the general public, prays for judgment against Defendant as follows:

a)    An order confirming that this class action is properly maintainable as a class action as defined above, appointing Plaintiff Avi Jones and her undersigned counsel to represent the Class, and requiring Defendants to bear the cost of class notice;

b)    An order requiring Defendants to pay $500 in restitution, damages, and interest to Plaintiff;

c)    An order requiring Defendants to pay $5 million or a greater amount to be proven at trial in restitution to Class members, and $10,000 to Plaintiff as an incentive award, or such greater amount the Court deems fair and reasonable;

d)    An order requiring Defendants to disgorge any benefits received from Plaintiff and the Class and their unjust enrichment realized as a result of its improper and misleading advertising, marketing, sale, and distribution of Belly Burner;

e)    An order awarding Plaintiff and the Class damages and punitive damages;

f)    An Order declaring the conduct complained of herein violates the Unfair Competition Law;

g)    An order requiring Defendants to cease and desist their deceptive, unconscionable, fraudulent, and unlawful practices;

h)    An order requiring Defendants to engage in a corrective advertising campaign;

i)    An award of prejudgment and post judgment interest;

j)    An award of attorney fees and costs of $500,000, or such greater amount the Court awards as fair and reasonable; and

k)    Such other and further relief as this Court may deem just, equitable or proper.

## XV.    **JURY DEMAND**

Plaintiff demands a jury trial.

23

DATED: June 5, 2025

Respectfully Submitted,

s/ Gregory S. Weston
**THE WESTON FIRM**
GREGORY S. WESTON

**Counsel for Plaintiff**

CLASS ACTION COMPLAINT